UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

Present: The Honorable          CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Lawrence Pearson | Jeffrey Rosenfeld |
| | Grant Alexander |

**Proceedings:**          DEFENDANTS' MOTION TO COMPEL ARBITRATION

DEFENDANT AL SHIHABI'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

## I.      INTRODUCTION

On June 11, 2015, plaintiff Shannon High-Bassalik ("High-Bassalik") filed the instant suit against defendants Al Jazeera America ("Al Jazeera") and Ehab Al Shihabi ("Al Shihabi") (collectively, "defendants"). Dkt. 1. The complaint asserts claims for: (1) discrimination in violation of 42 U.S.C. § 1981; (2) retaliation in violation of 42 U.S.C. § 1981; (3) discrimination in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, et seq.; (4) retaliation in violation of the NYSHRL; (5) aiding and abetting in violation of the NYSHRL; (6) discrimination in violation of the New York City Human Rights Law ("NYCHRL"), New York City Admin. Code §§ 8-101, et seq.; (7) retaliation in violation of NYCHRL; (8) aiding and abetting in violation of NYCHRL; (9) breach of contract; and (10) breach of the implied covenant of good faith and fair dealing. Id. In brief, plaintiff alleges that, while she was an employee of Al Jazeera, defendants discriminated against her in favor of male and/or Arab employees and that defendants wrongfully terminated her employment in breach of her employment agreement.

On August 6, 2015, defendants filed a motion to compel arbitration. Dkt. 29. On August 12, 2015, defendant Al Shihabi filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Dkt. 31. On September 16, 2015, plaintiff filed oppositions to both defendants' motion to compel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
|----------|-------------------------|------|------------------|
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

arbitration and Al Shihabi's motion to dismiss. Dkt. 35, 37. On October 5, 2015, defendants' filed a reply in support of their motion to compel arbitration, Dkt. 39, and Al Shihabi filed a reply in support of his motion to dismiss, Dkt. 40. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

On or about July 2013, plaintiff began her employment with Al Jazeera as a Senior Vice President of Programming and Documentaries. Compl. ¶ 22. Plaintiff alleges that defendant Al Shihabi was the interim chief executive officer of Al Jazeera and that at all relevant times during her employment he supervised her work. Id. ¶ 18. Prior to starting her employment, plaintiff was required to sign an employment agreement. Id. ¶ 23.[1] The employment agreement contains an arbitration provision (the "Arbitration Provision"), which states:

> This Agreement will be governed by the internal laws of the State of New York (without regard for conflict of laws provisions). [Plaintiff] irrevocably consents to the jurisdiction and venue of the federal, state and local courts within the State of California. Except with the respect to the interpretation, protection or enforcement of [Al Jazeera's] claimed intellectual property rights (which will only be subject to arbitration if [Al Jazeera] in its sole discretion elects), all disputes related to this agreement will be exclusively resolved by binding arbitration pursuant to the American Arbitration Association's then current Commercial Dispute Rules before a single arbitrator who is a lawyer or retired judge experienced in the entertainment industry, which arbitration will be held in New York, NY. The arbitrator will issues a written award and will not have the authority to award

---

[1] Plaintiff's employment agreement appears to indicate that, in entering this agreement, she was represented by an agent. See Dkt. 29, O'Brian Decl., Ex. A, Employment Agreement, Ex. A ("This employment agreement . . . is entered into as of July 15, 2013, by and between Al Jazeera America LLC . . . and Shannon High-Bassalik *c/o Ken Lindner & Associates*") (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

punitive damages.  The arbitration award may be enforced in any court with applicable jurisdiction.

Dkt. 29, O'Brian Decl., Ex. A, Employment Agreement, Ex. A ¶ 11.

Plaintiff alleges that throughout her employment she witnessed and complained of Al Jazeera's practice of discriminating against employees who were not Middle Eastern and/or Arabic.  See generally Compl.  Plaintiff also alleges that Al Shihabi would discriminate against her and other female employees of Al Jazeera on the basis of their gender.  Id. ¶ 63.  According to plaintiff, this discrimination continued throughout her employment culminating in defendants' decision to terminate her employment.  See Id. ¶¶ 80-85.

**III.    Defendants' Motion to Compel Arbitration**

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA reflects a "liberal federal policy favoring arbitration agreements."  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mecury Constr. Corp., 460 U.S. 1, 24(1983)).  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  Moses H. Cone, 460 U.S., at 24-25.

Generally, the court must determine two gateway issues: (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms.  Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000).  However, "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."  Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68-69 (2010).  "[T]he question of arbitrability, is an issue for judicial determination unless the parties *clearly and unmistakably* provide otherwise."  Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (emphasis added) (internal citations and quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

Federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). "Before a federal court may apply state-law principles to determine the validity of an arbitration agreement, it must determine which state's laws to apply." Pokorny v. Quixtar, 601 F.3d 987, 994 (9th Cir.2010). Here, the Arbitration Provision states that "This Agreement will be governed by the internal laws of the State of New York (without regard for conflict of laws provisions)." Dkt. 29, O'Brian Decl., Ex. A, Employment Agreement, Ex. A ¶ 11. Moreover, the parties do not dispute that the Arbitration Provision is governed by New York law. Dkt. 29, at 6; Dkt. 35, at 6. Accordingly, in determining whether the Arbitration Provision is valid and whether it requires the parties to arbitrate plaintiff's claims the Court applies New York law.

Defendants argue that under the Arbitration Provision the parties "clearly and unmistakably" agreed to arbitrate questions of arbitrability. Here, the Arbitration Provision states that "all disputes related to this Agreement will be exclusively resolved by binding arbitration pursuant to the American Arbitration Association's [AAA's] then current Commercial Dispute Rules." Dkt. 29, O'Brian Decl., Ex. A, Employment Agreement, Ex. A ¶ 11. Pursuant to Rule 7 of the AAA's Commercial Arbitration Rules, "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." AAA Commercial Arbitration Rule, R-7(a). "Virtually every circuit to have considered the issue has determined that incorporation of the American Arbitration Association's (AAA) arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." Oracle America, Inc. v. Myriad Group A.G., 724 F.3d 1069, 1074 (9th Cir. 2013).

Similarly, New York courts have held that incorporation of the AAA's arbitration rules constitutes a clear and unmistakable decision to arbitrate arbitrability. For example in Life Receivable Trust v. Goshawk Syndicate 102 at Lloyd's, the court found that while "the question of arbitrability is generally an issue for judicial determination, when the parties' agreement specifically incorporates by reference the AAA rules . . . and employs language referring 'all disputes' to arbitration, courts will leave the question of arbitrability to the arbitrators." 69 A.D.3d 495, 496 (N.Y. App. Div., 1st Dep't 2009)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

(citing <u>Matter of Smith Barney Shearson v. Sacharow</u>, 91 N.Y. 2d 39, 47 (1997)). Accordingly, the Court finds that, by incorporating the AAA's arbitration rules and by employing language " referring 'all disputes' to arbitration," the parties "clearly and unmistakably" intended to resolve all questions of arbitrability through arbitration.

In her opposition to defendants' motion to compel arbitration, plaintiff raises several arguments that the Arbitration Provision is unenforceable. Specifically, plaintiff argues that the Arbitration Provision is invalid because it is ambiguous, improperly prohibits an award of punitive damages, and provides that Al Jazeera, but not plaintiff, may seek injunctive relief or other equitable remedies. Dkt. 35, at 7, 16. However, as with other questions of arbitrability, parties may delegate the issue of whether an arbitration agreement is enforceable to an arbitrator. <u>See</u> <u>Rent-A-Center</u>, 561 U.S., at 72-75 (holding that arbitration provision delegating to an arbitrator the authority to resolve any dispute relating to the agreement's enforceability was a valid delegation under the FAA). As already stated, pursuant to Rule 7 of the AAA's arbitration rules "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or *validity* of the arbitration agreement." AAA Commercial Arbitration Rule, R-7(a) (emphasis added). Accordingly, under Rule 7, questions regarding the validity of the Arbitration Provision are reserved to the determination of the arbitrator.

New York courts have regularly held that where an arbitration agreement incorporates the AAA's arbitration rules, issues regarding the validity and scope of the agreement should be decided by an arbitrator. <u>See, e.g.</u>, <u>Icdas Celik Enerji Tersane Ve Ulasim Sanayi A.S. v. Travelers Ins. Co.</u>, 81 A.D.3d 481, 483 (N.Y. App. Div., 1st Dep't 2011) ("given the arbitration clause's specific incorporation by reference of AAA rules, the question of arbitrability, which includes the existence, scope and validity of the arbitration agreement, is for the arbitrator to determine"); <u>Life Receivable Trust</u>, 66 A.D.3d 495, at 496 (same); <u>Matter of Flintlock Constr. Servs., LLC v. Weiss</u>, 122 A.D.3d 51, 54 (N.Y. App. Div., 1st Dep't 2014) (same). And, in <u>Brennan v. Opus Bank</u>, the Ninth Circuit held that, where an agreement incorporates the AAA's rules, the enforceablity of the agreement, including whether the agreement is unconscionable, are issues to be decided by an arbitrator, not the court. 796 F.2d 1125, 1131-32 (9th Cir. 2015). Accordingly, while the issues plaintiff raises may be valid grounds for challenging the enforceability of the Arbitration Provision, pursuant to the terms of the parties' agreement these issues must be decided by an arbitrator.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

In light of the parties agreement to resolve all disputes arising out of the employment agreement through arbitration in accordance with the AAA's arbitration rules, the Court finds that the parties "clearly and unmistakably" intended to leave the question of arbitrability to the resolution of an arbitrator. Therefore, the Court GRANTS defendants motion to compel arbitration. Additionally, in accordance with section 3 of the FAA, the Court STAYS these proceedings pending a decision on arbitrability by an arbitrator. See FAA, 9 U.S.C. § 3 ("[T]he court . . . upon being satisfied that [an] issue involved in [a] suit or proceeding is referable to arbitration . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had.").

## IV. Defendant Al Shahabi's Motion to Dismiss for Lack of Personal Jurisdiction

### A. Legal Standard

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154-55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996). California's long-arm jurisdictional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same.  Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).  The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).  The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence.  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities.  Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993).  The test for specific personal jurisdiction has three parts:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see also Burger King Corp. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

Rudzewicz, 471 U.S. 462, 475-76 (1985).  The plaintiff bears the burden of satisfying the first two prongs, and must do so to establish specific jurisdiction.  Schwarzenegger, 374 F.3d at 802.

If the plaintiff establishes the first two prongs, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477).  The third prong requires the Court to balance seven factors: (1) the "extent of the defendant's purposeful injection into the forum"; (2) the burdens on defendant from litigating in the forum state; (3) the "extent of conflict with the sovereignty of the defendant's state," (4) the forum state's "interest in adjudicating the dispute"; (5) the "most efficient judicial resolution of the controversy"; (6) the "importance of the forum to the plaintiff's interest in convenient and effective relief"; and (7) the existence of an alternative forum.  Ziegler v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995).

## B.    Personal Jurisdiction Over Al Shihabi

As an initial matter, the Court finds that it need only address whether it has specific jurisdiction over Al Shihabi.  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."  Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2853 (2011).  Here, Al Shihabi is domiciled in Virginia where he maintains his permanent resident and has lived for the past 15 years.  Dkt. 31, Al Shihabi Decl., ¶ 2.  Accordingly, the Court does not have general jurisdiction over Al Shihabi.

Al Shihabi argues that he does not have any relevant connections with the state of California, and therefore the Court does not have specific jurisdiction over him.  Dkt. 31, at 1.  Al Shihabi was formerly the interim CEO and executive director for Internal Operations for Al Jazeera.  Id. ¶ 3.  He contends that during the entirety of his employment in this position he worked from Al Jazeera's corporate headquarters in New York City, New York.  Id.  Furthermore, he states that during his employment he did not reside or maintain an office in California, nor did he conduct any business in California within the scope of his employment.  Id. ¶ 4.  Al Shihabi owns no real estate or other tangible property in California, he has never paid taxes or voted in California, and he does not maintain any bank accounts or telephone numbers in California.  Id. ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           **'O'**

| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

In the instant suit, plaintiff alleges that throughout her employment with Al Jazeera she was subjected to discrimination on the basis of her race and/or gender and that defendants wrongfully terminated her employment in violation of her employment agreement.  See generally Compl.  Plaintiff alleges that Al Shihabi was an integral part of this alleged conduct.  Id.  However, throughout her employment plaintiff, like Al Shihabi, worked from Al Jazeera's corporate headquarters in New York.  Al Shihabi Decl. ¶ 6. Moreover, plaintiff does not allege that any of the conduct described in her complaint occurred in California, nor does the complaint make any reference to California.

As stated above, to establish "minimum contacts" a plaintiff must satisfy three elements: (1) the defendant has purposefully directed his activities or consummated some transaction with the forum; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e. it is reasonable.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

Defendants argue that plaintiff cannot satisfy the first prong of the "minimum contacts" analysis because Al Shihabi has not purposefully availed himself of California. Dkt. 31, at 6.  According to defendants, Al Shihabi has had no meaningful contacts with California, but rather has at all times relevant to this action lived in Virginia and worked in New York.  Id.  It appears that defendants are correct and that Al Shihabi has had minimal to no contacts with California.  See Burger King Corp., 471 U.S., at 475 ("[The] 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts").

However, even assuming Al Shihabi had purposefully availed himself of California, the Court could not find that plaintiff's claims against Al Shihabi "arise out of or relate" to his California-related activities.  All of the conduct in the complaint concerns plaintiff's allegations that she was subjected to discrimination in New York, and, at all times relevant to this action, both plaintiff and Al Shihabi worked out of Al Jazeera's corporate headquarters in New York.  See Al Shihabi Decl. ¶ 6.  Accordingly, plaintiff's claims do not "arise out of" Al Shihabi's California-related activities, but rather his New

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

York-related activities.  Therefore, the Court does not have specific jurisdiction over Al Shihabi.[2]

  Finally, plaintiff argues that Al Shihabi has consented to jurisdiction in California by virtue of the forum-selection clause in her employment agreement.  Dkt. 37, at 13.

---

  [2] Plaintiff argues that additional discovery is necessary to determine whether the Court has specific jurisdiction over Al Shihabi.  Dkt. 37, at 7.  Specifically, plaintiff argues that either in his capacity as interim CEO of Al Jazeera or in his personal capacity, Al Shihabi undoubtedly has both traveled to and conducted business in California.  Id. at 10-11.  Plaintiff contends that, particularly given that Al Jazeera "has offices and employees in Los Angeles and San Francisco, it is simply incredible for Al Shihabi to claim that he has never conducted business in California within the scope of his employment."  Id. at 10.  Accordingly, plaintiff requests that the Court grant her leave to conduct jurisdictional discovery.  Id. at 7.  Jurisdictional discovery is appropriate where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986).  Here, even if plaintiff could establish that Al Shihabi had traveled to or conducted business in California, that would not change the fact that none of the allegations in the complaint "arise out of" Al Shihabi's contacts with California.  Plaintiff cites a number of cases in support of her request for jurisdictional discovery; however, in each of those cases the plaintiff asserted claims with at least a colorable connection with the forum-state.  See Chloe SAS v. Sawabeh Info Servs. Co., 2012 WL 7679386 at *20-21 (C.D. Cal. May 30, 2012) (plaintiff alleged defendants had contributed to distribution of counterfeit goods in the forum-state, California); In re Infosonics Corp. Derivative Litig., 2007 WL 951296, at *1-2 (S.D. Cal. Mar. 21, 2007) (plaintiff's claims arose, in part, out of alleged conduct in board meetings in the forum-state, California).  Accordingly, because additional discovery would not alter the Court's finding that none of plaintiff's claims arise out of Al Shihabi's contacts with California, the Court DENIES plaintiff's request for leave to conduct jurisdictional discovery.  Terracom v. Valley Nat. Bank, 49 F.3d 555, 562 (9th Cir. 1995) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery.") (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

Plaintiff's employment agreement states: "[Plaintiff] irrevocably consents to the jurisdiction and venue of the federal, state and local courts within the State of California." Dkt. 29, O'Brian Decl., Ex. A, Employment Agreement, Ex. A ¶ 11. According to plaintiff, because defendants required her to sign an agreement consenting to jurisdiction in California, defendants cannot now contend that jurisdiction is not proper in California. Dkt. 37, at 13.  Plaintiff's argument is unavailing.

First, the forum-selection clause in plaintiff's employment agreement is non-mutual.  The agreement expressly states that *plaintiff* — not defendants — consents to jurisdiction in California.  See Dkt. 29, O'Brian Decl., Ex. A, Employment Agreement, Ex. A ¶ 11.  Accordingly, plaintiff cannot construe her employment agreement as a consent to jurisdiction in California by either Al Jazeera or Al Shihabi.  Plaintiff cites a number of cases in support of her position that defendants have consented to jurisdiction in California by virtue of her employment agreement.  Dkt. 37, at 14-16.  However, each of these cases concerned a *mutual* forum-selection clause.  See MGM Studios Inc. v. Canal+Distrib. S.A.S., 2010 WL 537583, at *1 (S.D.N.Y. Feb. 9, 2010) ("The Agreement contains a forum selection clause providing that *the parties* to the Agreement shall submit to the exclusive jurisdiction of the New York courts") (emphasis added); Thibodeau v. Pnnacle FX Investments, 2008 WL 4849957, at *1 (E.D.N.Y. Nov. 6, 2008) ("*the parties* agreed to litigate any claims arising from the contract in the State of Washington.") (emphasis added); Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 510 (9th Cir. 1988) ("*the parties'* forum selection clause required them to litigate their dispute in Florence, Italy") (emphasis added); Nanopierce Techs., Inc. v. Southridge Capital Mgmt. LLC, 2003 WL 22882137, at *5 (S.D. N.Y. Dec. 4, 2003) ("the Forum Selection Clause . . . signed by [defendant] and [plaintiff]").[3]

---

[3] Plaintiff does not expressly argue that the forum-selection clause in her employment agreement is invalid because it only applies to her, and not defendants. However, in any event, courts have held that simply because a forum-selection clause is non-mutual does not render it invalid.  See, e.g., Great American Ins. Co. of N.Y. v. Nippon Yusen Kaisha, 2013 WL 3850675, at *5 (N.D. Cal. May 10, 2013) ("[F]orum selection clauses do not need to provide reciprocal and equal benefits to contracting parties to be enforceable.") (citing Danmar Lines, Ltd. v. CMA CGS S.A., 2010 WL 5174975, *3 (S.D. Fla. June 16, 2010)); Medoil Corp. v. Citicorp, 729 F. Supp. 1456, 1459-60 (S.D.N.Y. Feb 7, 1990) ("the nonmutuality of the forum-selection clause does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

Second, the forum-selection clause is permissive, not mandatory.  Plaintiff argues that, pursuant to the employment agreement, she was required to file the instant suit in California.  Dkt. 37, at 13.  Accordingly, she contends that defendants cannot require her to file suit in California and then subsequently contend that jurisdiction is improper in California.  Id.  Nonetheless, plaintiff misstates the effect of the forum selection clause in her employment agreement.  On the one hand, the agreement provides that plaintiff "irrevocably consents" to jurisdiction in California.   Dkt. 29, O'Brian Decl., Ex. A, Employment Agreement, Ex. A ¶ 11.  However, while pursuant to her employment agreement plaintiff is deemed to have consented to jurisdiction in California, neither she nor defendants are *required* to file suit in California.  See Wright & Miller, *Federal Practice and Procedure* § 3803.1 (2007) ("Permissive forum selection clauses, often described as 'consent to jurisdiction' clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere.").

Numerous courts have found that where a party "irrevocably consents" to jurisdiction in a particular forum it is not required to file suit in that forum.  See, e.g., Blanco v. Banco Indus. de Venezuela, S.A., 997 F.2d 974, 979 (2d Cir. 1993) (holding that forum-selection clause was permissive where parties "irrevocably submit[ted]" to the jurisdiction of a designated forum); X-Cel Sales LLC v. A.O. Smith Corp., 2012 WL 273693, *2 (D. Ariz. Jan. 31, 2012) (finding that language in a forum-selection clause that "[Plaintiff] irrevocably consents to the jurisdiction and venue of the United States District Court for the Middle District of Tennessee . . . does not make Tennessee's jurisdiction exclusive."); First South Bank v. Fifth Third Bank, N.A., 2011 WL 3419451, *2 (D.S.C. Aug. 3, 2011) ("According to the Agreement, the parties irrevocably submitted to the jurisdiction of any federal or state court in Charlotte, North Carolina, but there is no language in the Agreement indicating the parties were restricted to exclusive jurisdiction in Charlotte only.").  Therefore, nothing in plaintiff's employment agreement can appropriately be construed as a consent by Al Shihabi to being sued in California.

Accordingly, because the Court does not have either general or specific jurisdiction over Al Shihabi, and because he has not consented to jurisdiction in California, the Court GRANTS Al Shihabi's motion to dismiss for lack of personal jurisdiction.

---

not render it invalid.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04427-CAS(FFMx) | Date | November 2, 2015 |
|---|---|---|---|
| Title | SHANNON HIGH-BASSALIK V. AL JAZEERA AMERICA, ET AL. | | |

## V.     CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to compel arbitration and GRANTS defendant Al Shihabi's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  In addition, the Court STAYS these proceedings pending a decision on arbitrability by an arbitrator.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |